IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JENNIFER KAY RIGGLE and
BRITTNI ANN RICE,

    Plaintiffs,

v.                                           Civil Action No. 5:15CV169
                                                                    (STAMP)
THE MARSHALL COUNTY COAL COMPANY,
TRUSTEES OF THE UMWA RETIREMENT FUND
and BLUE CROSS BLUE SHIELD PPO PROGRAM,
MURRAY AMERICAN ENERGY, INC. PLAN 107,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT THE MARSHALL COUNTY
COAL COMPANY'S MOTION TO DISMISS AND
DIRECTING THE PLAINTIFFS TO FILE A MOTION
AS TO COSTS AND REASONABLE ATTORNEY'S FEES**

I.   Background

The plaintiffs originally filed this action in the Circuit Court of Marshall County, West Virginia. Plaintiff Jennifer Kay Riggle ("Riggle") is an employee of defendant The Marshall County Coal Company ("MCCC"). Plaintiff Riggle seeks benefits for both herself and her same-sex spouse, plaintiff Brittni Ann Rice ("Rice"), as a dependent spouse under MCCC's employee benefit plan. According to the complaint, MCCC has refused to enroll plaintiff Rice as a dependent spouse. The plaintiffs allege that defendants Blue Cross Blue Shield PPO Program, Murray American Energy, Inc. Plan 107 ("Blue Cross") and the Trustees of the UMWA Retirement Fund ("Trustees") administer the benefit plan at issue.

After removing this civil action, the Trustees filed a motion to dismiss, or in the alternative, to stay. ECF No. 11. In that motion, defendant Trustees argues that the plaintiffs have not exhausted their administrative remedies under the Collective Bargaining Agreement ("CBA"). Therefore, the Trustees request that their motion be granted, or alternatively, that the action be stayed while the parties pursue the Resolution of Dispute ("ROD") process found under the CBA. Blue Cross and MCCC filed motions to join in the Trustees' motion to dismiss, which this Court granted. ECF Nos. 13 and 14.

The plaintiffs then filed a response to the motion to dismiss. ECF No. 18. The plaintiffs contend that plaintiff Riggle received inadequate notice as to the ROD process. The plaintiffs believe that the exhaustion requirement under the benefit plan has been waived, and that arbitration in this case would require more time than normal litigation. Finally, the plaintiffs assert that arbitration would be futile, and that the process is unconscionable. Finally, MCCC filed a reply. ECF No. 23. MCCC contends that the resolution of dispute process is "neither futile nor unfair and, at all relevant times, provided plaintiff Riggle with sufficient notice of the process at issue."

After the parties fully briefed the motion to dismiss, they filed a joint motion to stay the civil action so that the parties could pursue the ROD process. ECF No. 22. This Court granted that

motion.  ECF No. 24.  Ninety days later, the Trustees filed a notice regarding the status of the ROD process.  ECF No. 25.  In that notice, the Trustees stated that the arbitrator determined that "the Employer is required to offer spousal health benefits to the same-sex spouses of [Employer Benefit] [P]lan participants." See id. Ex. A.  This Court then lifted the stay in this action, and permitted the plaintiffs to file a response to the Trustees' notice.  ECF No. 27.  The plaintiffs filed a response to the notice.  ECF No. 28.  The plaintiffs stated that the defendants had not tendered "an official statement" that they will follow the arbitrator's decision.  They further sought full payment under the benefit plan and requested attorney's fees and costs.  The Trustees then filed a reply.  ECF No. 29.  In that reply, the Trustees pointed out that they administer health benefits to retired coal mineworkers and their eligible spouses.  As to active mineworkers, which is the case here, the mineworker's signatory employer would administer such benefits.

On July 6, 2016, the parties appeared before this Court for a hearing regarding the Trustees' pending motion to dismiss as joined by the other defendants.  At that hearing, counsel for the plaintiffs withdrew their claims in their complaint as to defendant Highmark, Inc., which the parties note was incorrectly named in the complaint as Blue Cross ("Highmark/Blue Cross").  The parties did not object to such withdrawal.  This Court approved the withdrawal

3

of the plaintiffs' claims against Highmark/Blue Cross, and the motion to dismiss by Highmark/Blue Cross and its motion to join in the motion to dismiss or motion to stay by the Trustees was granted as to defendant Highmark/Blue Cross. MCCC's motion to join in the motion to dismiss or stay by the Trustees (ECF No. 14) also was granted. After the hearing, the plaintiffs filed a notice of no opposition to the dismissal of the Trustees, which this Court accepted. ECF No. 42.

Therefore, the motion to dismiss remains pending only as to MCCC. For the reasons set forth below, MCCC's motion to dismiss (ECF No. 11) is GRANTED. The plaintiffs are hereby DIRECTED to file a formal motion for costs and reasonable attorney's fees by **August 10, 2016**. The defendants may file a response in opposition by **August 24, 2016**, and the plaintiffs may then file a reply in support by **August 31, 2016**.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

4

(2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. The Motion to Dismiss Should Be Granted Because the Plaintiffs' Claim Is Now Moot

As indicated earlier, the plaintiffs sought the following under their complaint:

> [A]n order of this Court requiring Defendants to admit [plaintiff Rice] as a spouse, and to cease their policy of refusing to provide her benefits, and to provide other benefits, including but not limited to bereavement leave, related to same-sex, related to same-sex spouses, as well as other damages, both legal and equitable, such as disgorgement of any profits made from its policy and repayment of bills that would otherwise have been paid by the Plans, as the court or jury may deem appropriate. Plaintiffs also seek their fees and costs associated with this action.

ECF No. 1 Ex. A *5.  At the time of filing the complaint, the parties had not fully engaged in the ROD process, as set forth in the CBA.  On February 4, 2016, which was over one month after the defendants removed the action, the parties filed a joint motion to stay this civil action.  ECF No. 22.  This Court granted that motion.  ECF No. 24.  The ROD process concluded on May 18, 2016, at which time the arbitrator found in favor of the plaintiffs.  In particular, the arbitrator concluded that MCCC "is required to

6

offer spousal health benefits to the same-sex spouses of plan participants." ECF No. 25 Ex. B. The defendants filed a notice of the result of the ROD process.

This Court lifted the stay and directed the parties to respond and reply to the notice, to which the parties complied. ECF Nos. 27, 28, 29, 35 (respectively). Moreover, this Court conducted a hearing as to the pending motions to dismiss. At that hearing, the parties did not appear to dispute whether the plaintiffs received the benefits they sought under the complaint. Rather, it appears that the arbitrator's ruling has been complied with by MCCC, which was the relief sought under the complaint. Therefore, it appears that the plaintiffs' claim against MCCC is now moot. See Doe v. Kidd, 501 F.3d 348, 354 (4th Cir. 2007) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citing Powell v. McCormack, 395 U.S. 486 (1969)); Otter Point Development Corp. V. United States Army Corps. of Engineers, Baltimore Dist., 116 F. Supp. 2d 648, 651 (D. Md. 2000) ("Pursuant to Article III of the United States Constitution, federal courts lack subject matter jurisdiction to decide moot cases.") (citing Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983)). The parties do not point to any facts to the contrary. Accordingly, the motion to dismiss as to MCCC (ECF No. 11) is GRANTED and the plaintiffs' complaint is DISMISSED AS MOOT.

7

This Court's ruling, however, does not limit or prohibit the parties from seeking costs and reasonable attorney's fees in an appropriate amount. As to costs and reasonable attorney's fees, this Court will briefly turn to that potential issue.

B. <u>The Plaintiffs May Seek Costs and Reasonable Attorney's Fees</u>

Although the plaintiffs requested costs and reasonable attorney's fees in both their complaint and response to the notice regarding the ROD process, the plaintiffs have not filed a separate motion for costs and reasonable attorney's fees. ECF Nos. 1 Ex. A and 28 at *7. Moreover, the parties have not fully briefed that issue as the request currently stands.

Nonetheless, counsel for the plaintiffs ultimately succeeded in obtaining relief for the plaintiffs. Under 29 U.S.C. § 1132(g), district courts have discretion to award reasonable attorney's fee and costs of an action to either party. Further, in determining whether to award costs and reasonable attorney's fees under that statute, this Court must first determine whether the plaintiffs achieved "some degree of success on the merits." <u>Williams v. Metro. Life Ins. Co.</u>, 609 F.3d 622, 634 (4th Cir. 2010). A party satisfies this standard "if the court can fairly call the outcome of the litigation some success on the merits" without conducting a lengthy inquiry into whether the party's success was substantial or whether it occurred on a central issue.

Hardt v. Reliance Std. Life Ins. Co., 130 S. Ct. 2149, 2158 (2010) (citing Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n.9 (1983)).

This Court finds that the plaintiffs achieved "some success on the merits." In their complaint, the plaintiffs sought benefits under MCCC's employee benefit plan. As stated earlier, the plaintiffs have obtained such benefits from MCCC after completing the ROD process. Therefore, the plaintiffs obtained the relief they sought, and thus, this Court finds that they clearly achieved "some success on the merits." Accordingly, this Court is inclined to award costs and reasonable attorney's fees to the plaintiffs. Before the issue of costs and reasonable attorney's fees proceeds, however, this Court will bring several points to the parties' attention.

The United States Court of Appeals for the Fourth Circuit has held that "ERISA attorney's fees [are] categorically unavailable for expenses incurred while **exhausting administrative remedies.**" Rego v. Westvaco Corp., 319 F.3d 140, 150 (4th Cir. 2003) (citing Cann v. Carpenter's Pension Trust Fund for N. Cal, 989 F.2d 313, 316 (9th Cir. 1993); Anderson v. Procter & Gamble Co., 220 F.3d 449, 455 (6th Cir. 2000)). Therefore, costs and reasonable attorney's fees are limited to those incurred during the litigation in court, not during the ROD process.

In addition to the above limitation, this Court has only had subject matter jurisdiction upon the completion of the ROD process

9

on May 18, 2016. In particular, the plaintiffs in this case filed their complaint before they exhausted their administrative remedies. The plaintiffs state in their complaint that both the CBA does not require exhaustion and that exhaustion would be futile. The CBA does, however, contain an exhaustion requirement, which the plaintiffs did not satisfy at the time they filed their complaint. See ECF No. 12 Ex. 12 *45. The Fourth Circuit has found that "an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." Makar v. Health Care Corp. Of Mid-Atlantic (CareFirst), 872 F.2d 80, 82 (4th Cir. 1989). More importantly, "[a]bsent an applicable exemption, a district court lacks subject matter jurisdiction over an ERISA-covered action until administrative remedies are exhausted." Delong v. Teacher's Ins. and Annuity Ass'n, 2000 WL 426193, at *5 (E.D. Pa. Mar. 29, 2000) (citing Kennedy v. Empire Blue Cross & Blue Shield, 796 F.Supp. 764, 767 (S.D.N.Y. 1992)). In this case, the plaintiffs neither exhausted the administrative remedies available nor demonstrated futility. Therefore, this Court lacked subject matter jurisdiction until the ROD process, which is the administrative remedy at issue, was resolved on May 18, 2016. Thus, the only costs and reasonable attorney's fees which the plaintiffs may seek are those that were incurred by plaintiffs after May 18, 2016.

With the above limitations in mind, this Court will proceed as follows. The plaintiffs are hereby DIRECTED to file a formal motion for costs and reasonable attorney's fees by **August 10, 2016**. The defendants may file a response in opposition by **August 24, 2016**, and the plaintiffs may then file a reply in support by **August 31, 2016**. Because the plaintiffs are eligible for an award of attorney's fees under Hardt, this Court will, upon a full briefing of the issue of costs and reasonable attorney's fees, proceed to the second step of applying the factors under Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1029 (4th Cir. 1993) (en banc), as a general guide to the determination of whether to award attorney's fees to the plaintiffs. Williams, 609 F.3d at 635. The parties' briefings as to costs and reasonable attorney's fees should address the factors under Quesinberry, which include the following:

> (1) degree of opposing parties' culpability or bad faith;
> 
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> 
> (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances;
> 
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> 
> (5) the relative merits of the parties' positions.

Quesinberry, 987 F.2d at 1029.

Furthermore, the parties must also consider in their briefings that this Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009). To determine what is a "reasonable" number of hours and a "reasonable" rate, this Court must consider and make detailed findings with regard to twelve factors, commonly known as the Johnson factors. Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978) (adopting the test from Johnson v. Georgia Highway Express, Inc., 488 F.2d. 714, 717-19 (5th Cir. 1974)). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at n.28.

In summary, this Court believes that the plaintiffs have achieved some degree of success on the merits, and therefore, this Court is inclined to award costs and reasonable attorney's fees to the plaintiffs which the plaintiffs incurred after May 18, 2016.

Further, the parties' briefings should proceed to address the factors set forth in Quesinberry and Johnson, as stated above.[1]

## IV. Conclusion

For the reasons set forth above, defendant the Marshall County Coal Company's motion to dismiss (ECF No. 11) is GRANTED, and the plaintiffs' complaint is DISMISSED AS MOOT. The plaintiffs are hereby DIRECTED to file a formal motion for costs and reasonable attorney's fees by **August 10, 2016**. The defendants may file a response in opposition by **August 24, 2016**, and the plaintiffs may then file a reply in support by **August 31, 2016**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[1] The Court notes that in their initial request for costs and reasonable attorney's fees, the plaintiffs sought such costs and fees pursuant the "Catalyst Theory" of recovery. However, as pointed out by United States Magistrate Judge Susan K. Gauvey in Feldman's Medical Center Pharmacy, Inc. v. Carefirst, Inc., 898 F. Supp. 2d 883, 897 (D. Md. 2012), it appears that "the Fourth Circuit [has] yet to explicitly apply the "catalyst theory" in the ERISA context." Moreover, this Court has already found that the plaintiffs have achieved "some success on the merits," and is inclined to award costs and reasonable attorney's fees based on the legal standards set forth under Quesinberry and Johnson. Nonetheless, the parties may still address any potential recovery under the "Catalyst Theory" in their briefings if they believe that such theory is applicable in this case.

DATED:    July 26, 2016

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE